WIGGINTON, Judge.
In this workers’ compensation appeal, claimant challenges the deputy commissioner’s order denying his claim for permanent total disability benefits. Finding there to be no competent and substantial evidence to support the deputy’s order, we reverse.
In his order, the deputy found that claimant “is not as disabled as he professes; that he was and is physically capable of doing the type of work found for him by Janet Winston at Scherer and Sons and that his failure to continue that work was not because of his injury but due to other factors.” The deputy concluded that “[gjiven the proper attitude and motivation he could have and should be able to perform light bench-type work which did not put stress on his back.” Significantly, the deputy found that Dr. Ramirez felt claimant could engage in any job which would require him to lift no more than five to ten pounds, or require him to sit or stand for no longer than thirty to forty minutes.[1] He also found that “Dr. Frank and Dr. Hernandez both feel the claimant could perform light work on a sustained basis.”
However, what the deputy has omitted from his order is the fact that Dr. Ramirez also opined that claimant was unable to do light work uninterruptedly. Dr. Ramirez was claimant’s treating physician for four years, and had examined him just one month prior to his testifying at the hearing. Dr. Ramirez also described claimant’s back injury as the worst he had seen in the course of treating workers’ compensation patients.
On the other hand, neither Dr. Frank nor Dr. Hernandez treated claimant for any considerable period of time. Moreover, both deferred to Dr. Ramirez’ opinion: Dr. Frank, as to claimant’s need for further surgery, and Dr. Hernandez, as to whether claimant could return to light duty work.
Finally, Janet Winston, a rehabilitation specialist, testified that she had no indication that claimant left Scherer and Sons for any reason other than the fact that he was physically unable to continue.[2]
Because of the foregoing, we hold there was no competent and substantial evidence on which to base a finding that claimant was not permanently and totally disabled.[3] Accordingly, the order is reversed and the *605 cause remanded for entry of an order consistent with this opinion.
SMITH and JOANOS, JJ., concur.

. Actually, the order found that "Dr. Ramirez felt the claimant could engage in any job which requires him to lift more than 5-10 pounds ..." but we hold the omission of “no” before “more" to be clearly a typographical error.

. Contrary to claimant’s argument, the deputy did not err in considering Ms. Winston’s testimony, apart from any hearsay testimony consisting of statements made by claimant’s daughter.

.We do not find, however, that the deputy’s order was prejudicially stale. Claimant's argument on this point is based largely on speculation.